UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| Plaintiff,<br>v. | )<br>)<br>)<br>) | _____ |
| SEATBELT SOLUTIONS, LLC and<br>JEFFERY L. BIEGUN, an individual | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Seatbelt Solutions LLC and Jeffery L. Biegun enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts equal to back wages due as liquidated damages under § 16(c) of the Act, 29 U.S.C § 216(c).

II

  A. Defendant, Seatbelt Solutions LLC ("Seatbelt Solutions"), at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Palm Beach County, Florida.

  B. Defendant, Jeff Biegun ("Biegun") is Seatbelt Solution's Owner, and at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendant Seatbelt Solutions, in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).  Biegun makes final decisions on the operation of the enterprise including but not limited to scheduling, staffing, and pay.

### III

  At all times hereinafter mentioned:

  A. Defendants Seatbelt Solutions and Biegun (collectively "Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

  B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, such as manufacturing seatbelts that are sold outside the state of Florida; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### IV

Since at least May 28, 2018, Defendant repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees, including sales associates and machinists, in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

V

Since at least May 28, 2018, Defendants, an employer subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with it from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of two (2) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted,

| | |
|---|---|
| ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:  404.302.5445<br>Facsimile:  404.302.5438<br>E-mail:  fisher.jeremy.k@dol.gov<br>           ATL.Fedcourt@dol.gov<br>           miller.daniel.p@dol.gov | SEEMA NANDA<br>Solicitor of Labor<br><br>TREMELLE I. HOWARD<br>Regional Solicitor<br><br><br>*s/Daniel P. Miller*<br>  DANIEL P. MILLER<br><br><br>*s/Jeremy K. Fisher*<br>  JEREMY K. FISHER<br>  Counsel<br><br><br>Attorneys for Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor |

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically filed this Complaint with the Clerk of Court using the CM/ECF system and also served a copy of this Complaint via electronic mail on the following representative for Respondent:

>Adi Amit,
>101 Centre
>101 NE Third Avenue, Suite 300
>Ft. Lauderdale, FL 33301
>954-533-5922
>adi@defenderofbusiness.com

>*/s/ Daniel P. Miller*
>DANIEL P. MILLER
>Trial Attorney
>Office of the Solicitor
>U.S. Department of Labor
>61 Forsyth Street, S.W., Suite 7T10
>Atlanta, GA 30303
>(404) 302-5445
>(404) 302-5438 (FAX)
>miller.daniel.p@dol.gov
>Atlanta Docket
>Atl.fedcourt@dol.gov